Tho’s Ligan seised in fee of 200 a. of Land the moiety of which are the premes in queon & having issue 4 Sons W’m the eldest Rich’d his second & two others by his Will 10. Jan’ry *B151 1675. devises the same to his Son W’m “ But in case [143] my “ Son W’m die without Heirs Then my Land above expressed “ to return to my Son Richard or the next surviving Son.” W’m entered & was seised & had issue Thos. his eldest Son & W’m & by his Will 21. Jan’ry 1688 devised the said premes to his Sons Tho’s & W’m in fee to be equally divided betw. them & died in 1689.
After his death his Widow occupied the whole till his Sons came of Age who respectively as they attained to 21. entered into the said land but made no division
Tho’s the Son of W’m died in 1705. left issue a Son & 3 daughters Phoebe Mary & Eliz’a The Son died an Infant in 1706. Mary is dead with’t issue Eliz’a is one of the Lessors was born in 1701. & married the other Lessor in 1718.
Eliz’a & Phoebe or those claiming under them have been in quiet possion of part of the said 200 a. viz. 100 a. from the death of their Bro’r in 1706. And the Deft, who is William the Son of W’m from the Time of his Entry has been in possion of the rest but the Land in his possion has never been separated or divided from the other The Deft, is 59 y’rs old
Phoebe who married one Welthall with her said husband by deed 6. March 1720. conveied all her right to sd land by estimation 82 a. to Alex’a Marshall
The Lessors by Lease & Rel. 1 & 2. Jan’ry 1723. conveied to s’d Marshall 80 a. parcel of s’d land by the name of one third part of 247. a.
But Marshall by deeds dated 6. March 1737. conveied back to Welthall & his wife & the Lessors all his title claim & interest to the land so conveied to him
The first queon is Whether the Devise in Tho’s Ligans Will to his Son W’m be an Estate tail or a Fee If an Estate tail the Lessor Eliz’a is one of the Coheirs in tail viz. one of the dauters of Tho’s who was eldest Son of W’m the first devisee And so she must have a clear title unless she is bar’d by the Act of Lim which must be the 2d queon & indeed the only one in this Case
As to the Conv. by the Lessor to Marshall It is void by the Act of 1710. Eliz’a being only Ten’t in tail
But if not Marshall has reconveied, & so Eliz’a is remitted to her first Estate And 1. I think it can scarce be disputed but that W’m Ligan the Son of Tho’s took an Estate tail by the Devise in Tho’s Ligans Will
*B152 By the first part of the Devise no Estate is limited but by what follows “ In case my Son die with’t heirs then to Rich’d.” W’m has an Estate of Inheritance by implication But the queon is whether a fee or tail
The word heirs in a Will is often taken respectively that is to say for heirs special & not heirs gen’l where the tes’tors intention appears to be so
Now when a man devises to one & his heirs & if he die with’t heirs Rem’r over to another who is heir gen’l of the first Devisee, It is plain he cannot mean the heirs gen’l of the first Devisee because then the lim over would be idle & vain for the heir gen’l would take it by course of Law if the Devisee left no Children
[144] The Tes’tor then in such case must mean heirs of the body And so such a Devise by the apparent meaning & intent of the testor makes an Estate tail.
And so it has been adj’d in sev’l instances as
Webb & Herring 1. R. Abr. 836. 5. 3. Bui. 192. Devise to his Son Francis after the death of his Wife. And if his 3. dauters outlive their Mother & Francis & his heirs Then to them for life. Heirs here was held to be meant heirs of the body of Francis'the dauters being his heirs gen’l & so Francis had an Estate tail
Braxton & Stone 3. Mod. 123. A man having 2. Sons devises to the eldest & if he die without heirs male Rem’r to the 'other Adj’d an Estate-tail in the Eldest
Nottingham & Jennings 1. Sal. 223. One having 3. Sons devises to the 2d & his heirs forever & for want of such heirs to his own right Heirs Adj’d the Testor must intend heirs of his body because the Son could not die with’t heirs gen’l living heirs of the fa’r & so an Estate tail in the 2d Son
See also the Cases in 3. Danv. 180. & No. 6. ibid.
Here the Rem’r limited upon W’ms dying with’t heirs is to his Bro’r Rich’d who was his heir gen’l And so clearly an Estate tail
If this was an Estate tail in W’m the Pit. is Grandauter & one of the Coheirs in tail & so has a good title unless barr’d by the Act of Lim which is The 2d queon & in truth the only point in the case W’m the tenant in tail takes upon him to devise to his two Sons Tho’s & W’m in fee
After his death his wife occupied the whole till the Sons *B153 came of Age & then they respectively entered but never made any division Tho’s the eldest Son died in 1705. left Issue a Son & 3 dauters The Son died in 1706. with’t issue & one of the dauters Mary is dead with’t issue
The Lessor Eliz’a is another of the dauters was born in 1701 & married in 1718 to the other Lessor
The Deft, who is W’m the Son of Tho’s has been inpossion of that Part of the 200 a. in dispute 38 years viz. from his Entry after he came of Age
1. 1 say we are within the saving Clause of the Act of 1710.
Or 2d if not we have been in possion as well as the Deft, no division or separation And so the Act of Lim can’t run ag’st us
The Act of 1710 gives a right of Entry to persons then having a Right So that they enter within 20 yrs. from the time the right first accrued
And there is a proviso or saving Clause that if pr-sons [145] then having such right of Entry are under the disability of Non age Coverture &c. that they may Enter within 10 yrs after the disability removed
When this Act was made the Lessor Eliz’a & her Sister Phcebe had a right of Entry as issue in tail of their father This right first accrued to them upon the death of their Brother in 1706 And so by the enacting part they ought to have entered within 20 yrs from that time viz. in 1726
But the Lessor Eliz’a was under Age when the Act was made & she married under age & has continued under Coverture ever since
The queon then is whether her right is not saved to her
Had she lived to be of age & then married I agree she must have been barr’d because the disability then would have been removed & she in a capacity to exert her right
But here before the first disability removed she falls under another equally within the saving Clause We contend then that by the Equity & Intendment of this Clause our right is preserved to Us
Suppose we had become Non compos before our full age. Surely we sho’d not be barr’d if we sued within time after recovery Why sho’d we then in this Case
We hope it will be the Courts Opinion that we are within the Equity & Intendment of the Proviso
*B154 But if not we say 2. The Act of Lim cannot run ag’st us at all as this- Case is circumstanced.
The Defts. Title is under a Devise of W’m the Ten’t in tail his fa’r & our G’dfa’r. This Devise must be agreed to be void And so the Deft, had no right of Entry
It is found that our fa’r & the Deft, entered respectively as they came of Age but never made any division That the Lessor & her Sister & those claiming under them have been in quiet possession of part viz. 100 a. ever since their Bro’rs death in 1706 & the Deft, has been in possion of the rest but his part was never separated or divided from the other
Now by the Will of Wm. under which the Deft, claims no particular Part is given to him but the whole to be equally divided betw. the Lessors fa’r & him It can’t therefore be say’d that under that devise he had a right to one part more than another And the possion both of Lessor & Deft, has continued an undivided possion to this Day.
Now the rule of Law is Where two are in possion One that has right & another that has not the Law will adjudge the possion to be in him that has right Lit’l 701. Plowd. 233. b. s. p. 1. Sid. 385 s. p.
Here is an undivided Possion both in Lessor & Deft. And as the Deft, entered with’t any title it is exactly the Case put by Littleton
If then the Law adjudges the possion in Us the Act of Lim cannot run ag’st us
[146] The Lessors are not above 7 or 8 yrs out of time from her full age She was not of Age till 1722 & had 10 yrs after viz. till 1732.
Here an Estate tail is to be defeated by possion And the Issue in tail under .disability
Judgem’t Fr. Deft, by the Opinion of
Lee Tayloe Custis Lightfoot Grymes Digges Con. Robinson Byrd & the Governor
Vide Needlers Argument page 33. [Not in same handwriting.]